DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss filed May 29, 2008. The court discussed the motion with the parties during a case management conference held September 2, 2008. Deborah Kraus appeared on her own behalf. Leslie Cech appeared for Defendant.
 I. STATEMENT OF FACTS
Plaintiff appeals the 2007-08 assessed value of the property identified in Defendant's records as Account R147997. For tax year 2007-08, Defendant assigned the property a real market value (RMV) of $940,220 and a maximum assessed value (MAV) of $477,850. Upon appeal to the Multnomah County Board of Property Tax Appeals (BOPTA), the RMV was reduced to $784,000 and the MAV was sustained. Plaintiff contends that "the adjustment to my home's [RMV] should be reflected proportionally in the [MAV]." (Ptf's Compl at 1. She seeks a further reduction in the MAV to $430,065. Plaintiff does not contest the RMV of the property.
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which *Page 2 
was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[1] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2).
Exceptions to the general three percent increase in a property's MAV exist. ORS 308.146(3) provides that, when major improvements are made to property, the MAV may increase by more than the allowable three percent. In that instance, the MAV is calculated by adding together the MAV of the property prior to the improvements to the RMV of the new improvements "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." ORS 308.153(1).
As of January 1, 2005, the subject property was partially complete. The remainder of construction was completed prior to the 2006-07 assessment date. Defendant captured this "exception value" for the 2006-07 tax year. Plaintiff did not appeal those 2006-07 values earlier to BOPTA. The court finds that Defendant calculated the 2007-08 MAV properly, and there is no basis for changing it. *Page 3 
This court has many times repeated its holding on the subject of uniformity in Ellis v. Lorati:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [M50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The court finds, therefore, that it is without authority to adjust the MAV based on Plaintiff's allegations of a pro rata relationship between RMV and MAV. ORS 308.146.
 III. CONCLUSION
The court concludes that Defendant calculated the 2007-08 MAV properly and, as a result, the court is without authority to modify the MAV of the property. Consequently, the court finds Defendant's Motion to Dismiss must be granted. Now, therefore,
IT IS THE DECISION OF THE COURT that the above-entitled matter be dismissed.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1